TOOMBS *v.* LIBERTY MUT. INS. CO.

(*Nashville,* December Term, 1937.)

Opinion filed April 2, 1938.

L. R. FEATHERSTONE and CHARLES L. NEELY, both of Memphis, for plaintiff in error.

WINCHESTER & BEARMAN, of Memphis, for defendant in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This is a compensation case tried below on undisputed facts. The court dismissed the employee's petition and he appealed.

Petitioner was an employee of Nickey Bros., who seem to be lumber dealers in Memphis, and this suit was brought against their insurance company.

The stipulation of facts upon which the case was tried is as follows:

"It is hereto agreed by the parties that the following facts are stipulated and are to be considered, together with the Court's written finding of facts, the Bill of Exceptions in the above styled cause, that the petitioner, Toombs, worked every Tuesday, Wednesday and Thursday and every other Saturday afternoon and every Sunday. He was what is known as a night watchman and his duties were to punch several boxes and the last box that he punched was at the engine house, and there he generally stayed until he began his other round, and that his duties were at all times to look out for fire, and to be available in the case of fire or people stealing lumber, and generally his duties were to stay on the premises and look after the plant.

"It is furthermore agreed that no provision was made to furnish the meals of the employees of Nickey Brothers, and that the employees would have to bring their lunch with them or would have to go to some restaurant in the neighborhood, and it is furthermore stipulated that on

the day in question the said Toombs had not eaten before going to the plant as he had overslept that afternoon and did not have time to eat supper at home, and that Toombs went over to the restaurant on the night of July 14, 1936, at 9:45 P. M. for the purpose of obtaining some drink and a sandwich, and in going to the restaurant he crossed a railroad track which abuts on the Nickey property and then crossed to Scott Avenue, a distance of approximately 75 yards from the southeast corner of the Nickey property. It took Mr. Toombs about five minutes to walk from the engine house to the restaurant, and the same time to walk back, and about five minutes to eat his lunch, so when he would go to the restaurant at night he would be away from the plant about fifteen minutes. After obtaining the drink, the petitioner was on his way back to Nickey Brothers, and on Scott Avenue when he was struck and seriously injured by an automobile driven by a person whose identity is unknown.

"It is furthermore stipulated as a fact that nothing was ever said to Toombs about going over to get a coffee drink and that Nickey Brothers neither knew or acquiesced in the conduct of the petitioner in going to the restaurant.

"It is furthermore stipulated that the hours of employment of the night-watchman were from 6 o'clock P. M. to 6 o'clock A. M., and that it took Toombs at least forty minutes to make the rounds, although a younger man might have made them in less time. It is furthermore stipulated that there was no specific time furnished to the night watchman for the purpose of eating. It is furthermore stipulated that the said Toombs had never been instructed or spoken to about eating his lunch or

going to the restaurant. There was cool well water always available on the premises for employees.

"It is furthermore stipulated that the said Toombs is at the present time wholly disabled, although it appears from the testimony of the physician that his condition both as to his head and right arm and shoulder is improving and it is expected that his recovery will be assured within the period of six months, at which time the total and permanent disability will be 50%. It is furthermore stipulated that the average weekly earning is $14.31."

The learned probate judge filed an opinion containing an exhaustive review of the decisions of this court, and, applying the rules drawn by him from these decisions, concluded that the accident in which the petitioner was injured did not arise out of nor in the course of his employment. The case is not free from difficulty, but, upon full consideration of the matter, we think the court below was right.

 To justify the conclusion that an accident arose out of and in the course of a particular employment there must be a "causal connection between the conditions under which the work is required to be performed and the resulting injury." *Carmichael* v. *J. C. Mahan Motor Co.*, 157 Tenn., 613, 11 S. W. (2d), 672, 673. This is fundamental, and the rule thus stated is recognized in all our cases.

 Clearly, there was no requirement of the employer in this case that the employee should go off the employer's premises for his lunch. Indeed, it is agreed that the employer did not even know of any custom on the part of petitioner of going off the premises for such purpose. This particular accident seems to have occurred

at 9:45 P. M., when naturally the petitioner as a night watchman would have been on duty only three or four hours. There was accordingly no apparent necessity for the petitioner leaving the premises at so early an hour by way of getting food or drink to give him strength to continue his duties. If the employee had eaten before he came on duty, there would have been no necessity of him having food before 10 o'clock at night, and if he brought his lunch with him, of course there would have been no necessity of him leaving the premises at all. Some of the cases, indeed, hold that it is the duty of a night watchman to watch and to remain constantly on the premises he is employed to protect.

Under the general rule stated in *Little* v. *Johnson City F. & M. Co.*, 158 Tenn., 102, 11 S. W. (2d), 690, the petitioner's employment was suspended while he was off the employer's premises on his personal mission. We do not find exceptional facts in the case before us to take it out of the general rule.

The authorities are not altogether harmonious, but the conclusion reached is well supported by decisions of other courts.

An employee was killed by an automobile while going from his place of employment to procure some tobacco. The court held that it could not be said the employment had in any way subjected the decedent to the hazard to which he exposed himself in going for the tobacco. *In re Betts*, 66 Ind. App., 484, 118 N. E., 551.

Where an employee was not required to go to a particular restaurant for lunch and sustained an injury while off the employer's premises on his way to lunch, the accident was held not to arise out of and in the course of

employment. *Moore* v. *Sefton Mfg. Corp.*, 82 Ind. App., 89, 144 N. E., 476.

An automobile salesman called at his employer's place of business for a list of prospective customers each morning. He made sales anywhere in the city, and was free to take lunch where he pleased. He spent the forenoon in the salesroom because a sale was being made, and was killed in a collision in the street while returning to the salesroom from lunch. It was held that the accident did not arise out of and in the course of his employment. *Lipinski* v. *Sutton Sales Co.*, 220 Mich., 647, 190 N. W., 705.

A night watchman left his employer's premises to go two blocks away for lunch, and was injured while on this mission. Held that the accident did not arise out of and in the course of his employment. *Dreyfus & Co.* v. *Meade*, 142 Va., 567, 129 S. E., 336.

The judgment below must be affirmed.