MARIE GRIDLEY

*v.*

LIBERTY MUTUAL INS. COMPANY.

(*Nashville,* December Term, 1960.)

Opinion filed March 10, 1961.

CHANDLER, MANIRE & CHANDLER, JAMES M. MANIRE, CARL H. LANGSCHMIDT, JR., Memphis, for plaintiff in error.

WARING, WALKER, COX & LEWIS, ALLEN COX, JR., Memphis, for defendant in error.

Mr. Chief Justice Prewitt delivered the opinion of the Court.

This is a Tennessee Workmen's Compensation death claim. The decedent, Glenn C. Gridley, Jr., was an employee of Cummins Diesel Sales Corporation of Memphis, and between 9:30 and 10:00 a.m. on the morning of July 6, 1959, while driving his car westward on Crump Boulevard toward the Harahan Bridge across the Mississippi River, turned to his right, or north, onto Short Arkansas Street at a time when a local Frisco freight train made up of eight cars and a caboose was moving west over the Arkansas crossing slowly approaching the Frisco Railroad Bridge across the Mississippi River. At the time decedent turned into Arkansas Street, the railroad safety arms on the safety gates were down, the warning bell was ringing, the signal lights flashing, and all but three cars of the freight train had passed westbound across the Arkansas crossing. Decedent, according to James Curtis Lee, a colored man, who testified, stopped his car south of the gates, jumped out of the driver's left-hand side of his car leaving his motor running, *ran* around or under the railroad safety gates and ran on up to the train, not slackening his speed, and disappeared under the train.

It appears that the decedent did not stumble or fall, but disappeared under the train when all of the train except the last two cars and caboose had at that time passed the crossing. The front wheels on the lefthand rear trucks of the sixth car ran over the man and severed his body. The eye witness who saw decedent pull up and stop, jump out of his car and run toward the train around or under the railroad safety guard rail said that he ran around the end of the guard rail and he was running so fast when he got to the train he disappeared.

Another colored man testified to substantially the same state of facts.

The trial judge dismissed the petition holding that the accident did not arise out or in the course of the employment of the deceased.

Gridley was sales manager of the Company and used his own car to travel on company business in and out of town at his own expense, for which he was reimbursed for mileage or for entertainment of company customers. It did not cover his car's use for personal business or going to and from work.

The record discloses that in January, 1959, deceased sustained a nervous breakdown and was treated by a psychiatrist at the Baptist Hospital and was given shock treatments. Later on in June, 1959, he was admitted to the Baptist Hosptial for the same trouble. He only worked about a third of the time during the first six months of 1959.

On Monday, July 6th, he went to work apparently in a normal mood and condition. He left the Company in his own car about 9:30 a.m. without saying where he was

going. He left no clue as to where he was going or for what reason, left no note, memorandum, letter, telephone call, or any evidence as to where or why he made the trip. Sometime about 10:00 a.m. on Monday, July 6th, he met his death as above described.

These two eye witnesses saw decedent leave his car at a place of safety and run toward the moving train and disappear.

The plaintiff relies upon the presumption that the death was not as a result of suicide.

It is apparent upon consideration of all the circumstances that there was no causal connection between the work required to be done and what happened.

The burden of proof was on petitioner to prove what happened "arose out of" and in the course of his employment.

In the case of *Thornton v. RCA Service Co., Inc.*, 188 Tenn. 644, 221 S.W.2d 954, petitioner was a traveling man and assaulted in a restaurant while eating lunch. Injury had no causal connection with work and did not arise out of his employment.

In the case of *Jackson v. Clark & Fay, Inc.*, 197 Tenn. 135, 270 S.W.2d 389, 390, it was said:

> * * * "the causative danger must be peculiar to the work and not common to the neighborhood * * * an injury purely coincidental, or contemporaneous, or collateral, with the employment, * * * *will not cause the injury or seizure to be considered as arising out of the employment."

In the case of *Toombs v. Liberty Mutual Ins. Co.*, 173 Tenn. 38, 114 S.W.2d 785, it was held that a night watchman left employer's premises, crossed railroad tracks and a street to a restaurant, and was struck by an automobile while returning, was held not to be compensable. See also *Free v. Indemnity Ins. Co. of N. A.*, 177 Tenn. 287, 145 S.W.2d 1026.

It is conceded that we have no compensable suicide case in Tennessee.

In 36 A.L.R. 397, at page 398 it was said:

"The consensus of opinion, however, is that when circumstantial evidence is relied upon to establish suicide, the party striving to prove same must prove it by facts excluding every reasonable hypothesis of natural or accidental death."

In this connection appellant is relying on *Lee v. Tennessee Central Railway Company*, 9 Tenn.App. 284. Upon examination of this case we think that it is not in point here.

We think all of the above show, beyond any question, that the deceased left his automobile and deliberately ran thirty feet and placed his body under a moving train which resulted in his death. There was no conjecture or surmise about this.

We have repeatedly held too that if there is material evidence to support the judgment of the trial court below the case will not be reversed. *Morrison v. James*, 201 Tenn. 243, 298 S.W.2d 714; *General Shale Products Corp. v. Casey*, 202 Tenn. 219, 303 S.W.2d 736.

■ We are forced to the conclusion that under the facts and circumstances above related that the deceased committed suicide, and therefore his death did not arise out of or in the course of his employment, and we find an abundance of evidence to show that there was material evidence to support the findings and judgment of the lower court and in such case this Court will not reverse.

It therefore results that the judgment of the lower court is affirmed.