FREE *v.* INDEMNITY INS. CO. OF NORTH AMERICA.

(*Nashville,* December Term, 1940.)

Opinion filed February 1, 1941.

ROBERT L. MCREYNOLDS, of Clarksville, for petitioner.

JOHN S. DANIEL, of Clarksville, for defendant.

MR. SPECIAL JUSTICE FRANK T. FANCHER delivered the opinion of the Court.

This case presents a claim for Workman's Compensation under the laws of Tennessee, Code 1932, sec. 6851 et seq., and is on appeal from a judgment against petitioner employee by the Circuit Court of Montgomery County. The facts necessary to be stated are as follows:

Defendant Insurance Company was obligated to pay all compensation due under the law to those employed by Hailey Motor Company in its business. Hailey Motor Company operated a garage and motor sales agency in Clarksville and petitioner was employed by it on a commission basis to sell automobiles.

Petitioner resided about one and a fourth miles from this business place. He was not required to do so by the employer, but at the time of his injury he had driven his own car, which he sometimes did in his employment. There was no room for parking cars on the premises of the employer, and this salesman had his car on the street a short distance from the place of business.

Petitioner had been negotiating a sale of a used car to Roy Ezell, who was employed by Montgomery Ward at a store in Clarksville on another street. Petitioner had demonstrated this car to Ezell and named a price. On the day of the accident Ezell came to the office of Hailey Motor Company at noon and declined to pay the price and made a counter offer. This offer was later presented by petitioner to Mr. Hailey, manager of the company, and he declined it. About 5 P. M. that afternoon, petitioner left the office of Hailey Motor Company and started to his parked car, intending to get in it and to drive first to Brothers' Grocery Store, get some groceries for home use, then go by Montgomery Ward's a short distance from the store, inform Ezell his offer would not be accepted, then go home for supper and come back to the office for work. This was on Saturday, and the clos-

ing hour of the motor company was about 9 o'clock. This use of his own car by petitioner when convenient was known and acquiesced in by the employer, if there be any importance in that fact, as insisted upon by petitioner.

As petitioner proceeded toward his parked car with the intentions above stated, walking to the end of the block, then turning across the street on the cross street and reaching a point ten or twelve feet from his car, he slipped on the ice on the sidewalk, fell and fractured his hip. It is on account of this injury that petitioner sues.

The sole question before the court is whether appellant's injury arose out of and in the course of his employment.

Appellant insists that the place of his work was not merely the office of the company, but as an automobile salesman, selling on a commission, was all over Clarksville and adjacent territory in Montgomery County, and that he was at his place of business at the very spot where he met the accident; that appellant's own automobile was his tool or instrument of work.

Appellant insists that the slippery ice on the sidewalk was incident to and grew out of the operation of the employer's business; that he was in the zone of danger incident to his employment; that the failure of his employment to furnish him a parking place on the premises made this enforced parking place equivalent to and was, in the broad sense of the word, on the employer's premises; that it was as if this parking place was the employer's garage on the premises.

He insists that the employer received the benefit of the use of this parked automobile and knowingly allowed appellant to use it on the employer's business; that his work for the day was not through; that he was to use

this car in going by Montgomery Ward's place on this deal with Ezell; that his intended stopping on the way to get groceries was incidental.

 The facts are not identical, but the application of law is covered by the many reported cases in this State. It would be tiresome to restate those cases here, but they hold that an injury sustained by an employee while he is on his way to or from his work from or to his home and while he is not engaged in any duty connected with his employment is not compensable, because it does not arise out of or in the course of his employment. In those cases where he was departing from or was coming to his work an injury off the premises of the employer or place of work was not compensable unless the injury was so close by or so nearly adjoining that it might be reasonably considered under the circumstances as in effect at the place, or he was using immediate means of access to or from the work so that he was directly and immediately connected with it. *Hinton Laundry Co.* v. *De Lozier,* 143 Tenn., 399, 225 S. W., 1037, 16 A. L. R., 1361; *Johnson Coffee Co.* v. *McDonald,* 143 Tenn., 505, 510, 226 S. W., 215; *Milne* v. *Sanders,* 143 Tenn., 602, 228 S. W., 70; *Tennessee Chemical Co.* v. *Smith,* 145 Tenn., 532, 238 S. W., 97; *Patten Hotel Co.* v. *Milner,* 145 Tenn. 632, 637, 238 S. W., 75; *McClain* v. *Kingsport Imp. Corp.,* 147 Tenn., 130, 245 S. W., 837; *Moore* v. *Railway Co.,* 148 Tenn., 561, 567, 256 S. W., 876; *Hendrix* v. *Ins. Co.,* 154 Tenn., 287, 289, 290 S. W., 30; *Washington County* v. *Evans,* 156 Tenn., 197, 199, 299 S. W., 780; *Little* v. *Machine Co.,* 158 Tenn., 102, 104, 11 S. W. (2d), 690; *American Casualty Co.* v. *McDonald,* 166 Tenn., 25, 27, 57 S. W. (2d), 795; *Scott* v. *Shinn,* 171 Tenn., 478, 482, 105 S. W. (2d), 103; *Jellico Grocery Co.* v. *Hendrickson,* 172 Tenn., 148, 154, 110 S. W. (2d), 333; *Employers' Liability*

*Assurance Corp.* v. *Warren,* 172 Tenn., 403, 414, 112 S. W. (2d), 837; *Toombs* v. *Ins. Co.,* 173 Tenn., 38, 41, 114 S. W. (2d), 785.

■ This separation of a trip as partly personal and partly in the course of employment is considered in cases on this subject. Our own cases recognize that a trip may be partly one and partly the other.

The Wisconsin court is quoted from in the above-cited case of *American Casualty Co.* v. *McDonald,* [166 Tenn., 25, 57 S. W. (2d), 796], as follows:

"Counsel for the employee refer us to *Barragar* v. *Industrial Commission,* 205 Wis., 550, 238 N. W., 368, 369, 78 A. L. R., 679, which, following *Matter of Marks* v. *Gray,* 251 N. Y., 90, 167 N. E., 181, recognizes that a servant may be protected on his travel under a compensation statute although service to the master is not the sole object of the trip. If the business of the master creates the necessity for the travel, the servant is in the course of his employment although he is furthering at the same time some purpose of his own.

"In disposing of the above case, the Wisconsin court said:

" 'We have concluded that it is essential, by some process or other, to determine whether, at the outset, the trip in question was that of the employer, or that of the employee. Having determined that it was the employer's trip, the employee is engaged in his employer's business and acting within the scope of his employment while going to and returning from the terminus of the trip. If it is the employee's trip, he is not within the scope of his employment while en route to, or returning from, the terminus of his trip. In case it is the employer's trip, and there are any detours for purely personal objectives, such detours must be separated from the main

trip and the employee held to be outside the scope of his employment during such detour. If it is his own trip, then such detours as are made for the purpose of dispatching business for his employer must be held to be within the scope of his employment.' ''

And this is the solution of the present case. The business matter here contemplated by petitioner to go by Montgomery Ward's on the way home for supper, was not the sole or even the main object of the trip; it was purely an incidental detour from the main purpose to drive and get groceries and go home for supper.

█ The authorities are quite uniform that when the workman or employee steps aside from his employment on a personal mission, it is a departure, and when so injured it cannot arise out of and in the course of his business. The going home for supper was not in the course of his business. The getting of groceries was his own peculiar business. If injured while in pursuit of these personal affairs of his own, of course there can be no liability.

█ The only incident in the departure from the work which is clearly shown here that can be considered a part of the employer's business is his purpose to go by Montgomery Ward's and see the prospective purchaser of the used car. If he had been injured after leaving the grocery store to see Ezell, then such an injury would have arisen out of and in the course of the employment. If he had been walking to his car to use it, in making a trip direct to see Ezell about the car sale, he would have been in the course of his employment and the icy street causing the accident would have been a hazard incident to this business trip and the injury, upon the principles governing the case, would have arisen out of and in the course of his employment.

But this going to the car to go to the grocery store was petitioner's own private mission and he was not then in the line of employment. There was a break in the course of the employment and he was injured during this break and not while making the trip to see the prospect.

The only part of this contemplated trip that could be considered as on the employer's business would have been from the grocery store to Montgomery Ward's, and until petitioner left there to again resume his trip home for supper.

 It is well settled by the authorities that the relation between master and his servant is suspended when the servant leaves the place of actual employment to go to his home for rest or food or to associate with his family. The place of business is sometimes treated as being the course of employment, and when place is mentioned as place of business in compensation cases, it is for the purpose of determining the course of employment. The contemplated ride was to be in petitioner's own car, to be used for his own personal use. The injury occurred after the petitioner had passed off the business premises and in preparation for his trip to the grocery store, before the business detour had commenced, and was not connected with his work.

It is our opinion the trial court was correct in dismissing the petition.

Affirmed.