SCHULTE AND BRUNS, Third-Party Plaintiff-Appellant,

v.

GREAT LAKES STEVEDORING COR-PORATION, Third-Party Defendant-Appellee.

No. 14643.

United States Court of Appeals Sixth Circuit.

April 5, 1962.

Rehearing Denied May 2, 1962.

---

Robert D. Barnes, Chicago, Ill., and Thomas O. Murphy, Cleveland, Ohio (McBride, Baker, Wienke & Schlosser, Chicago, Ill., Johnson Branand & Jaeger, Cleveland, Ohio, on the brief), for Schulte & Bruns.

Forrest A. Norman and Clarence Mollison, Cleveland, Ohio (Hauxhurst, Sharp, Cull & Kellogg, Cleveland, Ohio, on the brief), for Great Lakes Stevedoring Corp.

Before GECIL and WEICK, Circuit Judges, and DARR, District Judge.

DARR, District Judge.

On November 11, 1957, John Cangelosi, a longshoreman employed by appellee, was injured while unloading a cargo from the Hermann Schulte, a motor vessel owned by appellant.

On August 5, 1958, Cangelosi instituted an action against appellant and Poseidon Lines seeking damages for his injuries. The appellant answered the complaint, filed a cross action against Poseidon Lines and a third-party complaint against appellee. The district judge separated for trial the original case from the cross action and the third-party proceedings.

The original case came on for trial to the court, without a jury, which resulted in a judgment favoring Cangelosi and against appellant for $36,000 and dismissal against Poseidon Lines. The judgment was settled for $30,000.

Then came for trial the third-party action seeking indemnity for the amount paid in settlement of the judgment. At the start of the trial appellant's cross action against Poseidon Lines was dismissed with prejudice. Upon the conclusion of appellant's case the trial judge sustained appellee's oral motion for a directed verdict and thereafter entered an order dismissing the third-party complaint. Appellant interposed a motion for a judgment notwithstanding the verdict and in the alternative for a new trial, which was denied. From these adverse actions an appeal was taken.

In granting the motion for a directed verdict, the district judge made the following statement to the jury:

"In a consideration of a motion of this kind, the Court is obliged to give the most favorable consideration to the testimony most favorable to the Third-Party Plaintiff. Having given adequate study to this motion, and all that is involved, it is my conclusion that although the Third-Party Plaintiff in this case has established that the box upon which Mr. Cangelosi stepped was improperly stowed, that the Third-Party Plaintiff has failed to establish that the mere placing of the box in the cargo hold in the place where it was stowed, and its presence there being observed by stevedores, and the stevedore boss and superintendent, was not such a situation or condition existing in the hold that the officers or stevedores could reasonably foresee the accident and ultimate liability that would fall upon the ship owner, and the accident, of course, to Cangelosi, which ultimately caused Cangelosi's injury and the consequent recovery of Cangelosi against the ship owner.

"The Court having concluded that even though the box was improperly stowed, the Third-Party Plaintiff

has failed to show that the improper stowage was of such nature as to charge the Third-Party Defendant with the foreseeable liability, as I have expressed it.

"Consequently, the Court, at this time, is instructing this jury to return a verdict in favor of the Third-Party Defendant.

\* \* \* \* \* \*

"I have made my statement, and I think it's clear enough to everybody. This is the decision: that I am holding that the Third-Party Plaintiff has failed to sustain a burden of proof sufficient to warrant the case to go to the jury, and that ends the lawsuit. So if you have a verdict, we will submit it to the jury for them to sign."

It is noted that the trial judge based his reasons for directing a verdict on the grounds, "that the third-party plaintiff has failed to establish \* \* \*" and "the third-party plaintiff has failed to show \* \* \*" and "the third-party plaintiff has failed to sustain a burden of proof. \* \* \*"

 These statements reveal that the trial judge manifested a misconception of his function. He evidently weighed the evidence and felt that the appellant had failed to make out a case whereby he could let a verdict stand.

The general rule is that if any substantial evidence supports a claim the issue is for a jury. This is the rule in the Sixth Circuit. Scott v. United States, 161 F.2d 1009, 1012 (Judge Martin), and cases cited. It seems that in recent years the authority of a trial judge to direct a verdict has been narrowed. See Pennsylvania R. R. v. Goldie, 182 F.2d 9 (Judge Simons).

In view of the new trial to which appellant is entitled, we deem it proper to point out that the sufficiency of the evidence is such as to require the case to go to a jury for trial upon the legal principles announced in Ryan Stevedoring Co. v. Pan-Atlantic S. S. Corp., 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133, and Weyerhaeuser S. S. v. Nacirema Co., 355 U.S. 563, 78 S.Ct. 438, 2 L.Ed.2d 491.

Reversed and remanded for proceedings in conformity with this opinion.