Andrew J. JONES, b/n/f Leoda Jones

v.

Paul POLISHUK

v.

UNITED STATES of America.

Albert C. PIERCE

v.

Paul POLISHUK

v.

UNITED STATES of America.

Civ. A. Nos. 5311, 5312.

United States District Court
E. D. Tennessee, N. D.

Jan. 5, 1965.

Supplemental Opinion Feb. 21, 1966.

John M. McCloud, LaFollette, Tenn., Ben F. McAuley, Poore, Cox, Baker & McAuley, Knoxville, Tenn., for plaintiffs.

Fred H. Cagle, Jr., Frantz, McConnell & Seymour, Knoxville, Tenn., for defendant.

J. H. Reddy, U. S. Atty., Chattanooga, Tenn., Ottis Meredity, Asst. U. S. Atty., Knoxville, Tenn., for the United States.

ROBERT L. TAYLOR, Chief Judge.

The plaintiffs brought separate suits against defendant Polishuk in this Court for damages for personal injuries resulting from an automobile accident involving a motor vehicle driven by defendant, resting jurisdiction in each case upon diversity of citizenship of the parties.

Defendant filed a motion to dismiss in each case on the ground he was an employee of the United States and was operating the motor vehicle while acting within the scope of his employment and that the exclusive remedy of plaintiff is by suit against the United States as provided in 28 U.S.C. Sec. 2679 and Sec. 1346(b). The Court overruled this motion as premature.

The District Attorney then filed a memorandum on July 21, 1965 registering the refusal of the Attorney General of the United States to make the certification provided for in 28 U.S.C. Sec. 2679(d) "that the defendant employee sued was acting within the scope of his employment at the time of the accident out of which the suit arose. * * *"

Later defendant Polishuk filed a third party complaint in each case against the United States of America as third party defendant, claiming that at the time of the accident he was an employee of the United States traveling on official business for the United States and within the scope of his employment, since at the time he was traveling under orders from Wright Patterson AFB, Ohio to Oak Ridge Tech Enterprises in Oak Ridge, Tennessee.

The District Attorney has filed a motion to dismiss the third party complaint for the following five reasons:

1. That it contained no showing of jurisdiction as required by Rule 8(a) (1) of the Federal Rules of Civil Procedure.

2. That it failed to name the Attorney General of the United States as a party.

3. That the third-party action is one to which the United States has not given consent.

4. That defendant and third party plaintiff, as a federal employee, has no right to indemnity or exoneration from the United States.

5. That third-party defendant is not liable to third-party plaintiff for all or a part of original plaintiff's claim against him.

Title 28 U.S.C. Section 2679(b) reads as follows:

"(b) The remedy by suit against the United States as provided by section 1346(b) of this title for damage to property or for personal injury, including death, resulting from the operation by any employee of the Government of any motor vehicle while acting within the scope of his office or employment, shall hereafter be exclusive of any other civil action or proceeding by reason of the same subject matter against the employee or his estate whose act or omission gave rise to the claim."

As the Court interprets this action, the remedy by suit against the United States for damages to property or for personal injuries resulting from the operation of any employee of the Government of any motor vehicle *while acting within the scope of his office or employment* shall be exclusive of any other civil action or proceeding by reason of the same subject matter against the employee whose act or omission gave rise to the claim.

The Attorney General has seen fit not to file a certification that the defendant employee was acting within the scope of his employment. The only provision in the statute for such certifica-

tion is where the civil action or proceeding was commenced in the state court. Therefore, Section 2679(d) does not here apply. However, since the liability of the United States would turn, among other things, upon the question whether the employee was acting within the scope of his employment, in the opinion of the Court it must determine this question at the time of the trial. This is not a jury question obviously since if there is a remedy by suit against the United States it must come under the various provisions of the Federal Tort Claims Act.

■ The Court is further of the opinion that under the language of Section 2679(b) the United States is a party by operation of law should the Court find that the defendant was an employee of the Government at the time of the accident and was acting within the scope of his employment.

Whether or not the Government can be subjected to a third party action for exoneration or indemnification seems beside the point and the motion of the Government to dismiss the third party action is denied. See: United States v. Yellow Cab Company, 340 U.S. 543, 71 S.Ct. 399, 95 L.Ed. 523.

■ The case will proceed to trial as scheduled before a jury and if the Court finds that the original defendant was an employee of the Government, acting within the scope of his employment at the time of the accident, it will decide the case on the merits as a Federal Tort Claims action. If the Court finds that the original defendant was not acting within the scope of his employment as an alleged employee of the Government at the time of the accident, the case will be submitted to the jury on the merits.

### Supplemental Opinion

Defendant and third-party plaintiff, Paul Polishuk, has moved the Court pursuant to Rule 56 of the Federal Rules of Civil Procedure, to enter a judgment dismissing the action against him on the ground that there is no genuine issue as to any material fact with regard to the questions whether there was jurisdiction of the actions under the Federal Tort Claims Act, 28 U.S.C. Sec. 2671 et seq., and whether the exclusive remedy of the plaintiffs is against the Government. On February 17, 1966, the Court issued an order denying the motion without prejudice to the movant to renew during the trial on the merits.

The Court, after reading the briefs in support of and in opposition to the motion, suggested to the attorneys for the interested parties that they stipulate on the pertinent facts which they conceive to control the ruling on the motion. The reason for the suggestion was that the case is set for trial on the merits for February 23, 1966, and under the memorandum and order heretofore entered it was stated:

"The case will proceed to trial as scheduled before a jury and if the Court finds that the original defendant was an employee of the Government, acting within the scope of his employment at the time of the accident, it will decide the case on the merits as a Federal Tort Claims action. If the Court finds that the original defendant was not acting within the scope of his employment as an alleged employee of the Government at the time of the accident, the case will be submitted to the jury on the merits."

Pursuant to the suggestion of the Court, counsel for plaintiffs, Andrew J. Jones and Albert C. Pierce, for defendant and third-party plaintiff, Paul Polishuk, and for the third-party defendant, United States of America, entered a stipulation as to the facts. In the first paragraph thereof, it was "agreed and stipulated by the parties in the above captioned actions that the facts set forth in the Defendant's brief in support of his motion for a summary judgment are true and correct, except that Knoxville is south of Clinton rather than east, and that the following additional facts are stipulated:"

(For the sake of continuity the Court incorporates, first, the statement of facts from the defendant's brief, and then follows with the statement from the stipulation of facts.)

*From the Brief*

" * * * The defendant and Lt. Beavin left Dayton, Ohio, in the early afternoon of May 26, 1965 and drove toward Oak Ridge taking what Mr. Polishuk considered to be the most direct route. (Polishuk, p. 7, 8) They were both on official orders as shown by the exhibits to their depositions. (Polishuk, p. 7; Beavin, p. 10) These orders approved travel in private the automobile of the defendant as being more advantageous to the government. The United States was to pay mileage at the rate of ten cents per mile to the defendant based on the mileage shown on its maps as being the shortest route from Dayton to Oak Ridge. (Polishuk, p. 3) Both the defendant and Lt. Beavin were to be paid $16.00 per diem. (Polishuk, p. 3, Ex. 1; Beavin, p. 7, Ex. 1) They were not directed as to the route they would actually take in traveling from Dayton to Oak Ridge nor were they given any directions as to where they would spend the night or eat their meals. (Polishuk, p. 4, 8) They could spend any amount they desired on lodging and meals as they would not be reimbursed by the United States for such expenses, it being the understanding that such expenses would be covered by the $16.00 per diem. (Polishuk, p. 4) It was contemplated by the United States and the defendant that this would necessarily be an overnight trip, the orders showing approximate number of days temporary duty as being two. (Polishuk, Ex. 1; Beavin, Ex. 1)

"The defendant and Lt. Beavin had made a previous official business trip to Oak Ridge several months before this accident. (Polishuk, p. 4; Beavin, p. 3) On that occasion, they arrived at Oak Ridge late at night and first went to the Holiday Inn for lodging but found that it was full. (Polishuk, p. 5; Beavin, p. 4) They spent the night at the Alexander Motor Inn which the defendant understood was the only other place offering overnight accommodations in Oak Ridge. (Polishuk, p. 5) Both the defendant and Lt. Beavin testified that the accommodations at the Alexander Motor Inn were not at all satisfactory. (Polishuk, p. 5, 6; Beavin, p. 4) The travel arrangements with the United States were the same for that trip as the trip they were on at the time this accident occurred. (Polishuk, p. 5)

"The defendant and Lt. Beavin arrived in Clinton on the evening of May 26 at approximately 8:00 P.M. (Polishuk, p. 8) They had decided not to go on to Oak Ridge because they assumed that the Holiday Inn would probably be full by that time, and they did not desire to stay again at the Alexander Motor Inn. (Polishuk, p. 8) They had with them an AAA Book which showed several AAA approved motels on U. S. Highway 25W between Clinton and Knoxville. (Polishuk, p. 8, 9) Therefore, after passing through the downtown area of Clinton, they turned to the left continuing on U. S. Highway 25W rather than proceeding on toward Oak Ridge on Tennessee Highway 61. (Polishuk, p. 9) At the point where they turned at Clinton, the distance to Oak Ridge was approximately six miles. They drove on U. S. Highway 25W in an easterly direction toward Knoxville approximately nine to ten miles where they reached an area at which there were several AAA approved motels, including the Knox Motel. (Polishuk, p. 9, 10, 11) They first inquired for accommodations at one of the other motels and on finding it full, went across the street to the Knox Motel where they obtained lodging for the night. (Polishuk, p. 10) The following morning they left the motel and had traveled in a westerly direction on U. S. Highway 25W about three or four miles at the time this accident occurred. (Polishuk, p. 11) They were on their way to Oak Ridge, it being their intention to return to Clinton and take Tennessee Highway 61 to Oak Ridge. (Polishuk, p. 11) Their destination was the Oak Ridge

Technical Enterprises Corporation where they would carry out the purpose of their mission which was 'to check compatability of equipment to be purchased with that already on hand and to obtain instructions on its use'. Polishuk, p. 11, Ex. 1) The defendant was hospitalized for a week in Oak Ridge. He was paid $16.00 per diem for the entire week and all his medical expenses incurred because of injuries in this accident have been paid by the United States under the employee compensation law and not under the defendant's Blue Cross insurance. (Polishuk, p. 12, 13, 51)"

*From the Stipulation of Facts*

"(1) There were other motels besides the Knox Motel offering adequate accommodations located between Clinton and the Knox Motel, and there were other motels between LaFollette and Clinton, and other than the Holiday Inn and Alexander Motor Inn in Oak Ridge, the Oak Ridge Motel is located on the old highway between Clinton and Oak Ridge, brochures regarding such accommodations being attached hereto as collective Exhibit (1).

"(2) The Waldorf Restaurant was located directly across the highway from the Knox Motel, and the Dwarf Restaurant was located on said highway, three miles south toward Knoxville. Both restaurants provided adequate eating facilities.

"(3) The Holiday Inn, Oak Ridge Motel and the Alexander Motor Inn provided adequate facilities for overnight lodging, and other motels between LaFollette and Clinton on U. S. Highway 25W a distance of 25 miles. also provided adequate accommodations. No inquiry was made by the Defendant regarding the availability of accommodations at any of these facilities until he reached the motel across the highway from the Knox Motel.

"(4) On the evening before the accident, the Defendant and Lieutenant Beavin drove to Knoxville, after cleaning up at the Knox Motel, and had dinner at the Holiday Inn in Knoxville, which was seven miles south of the Dwarf Restaurant. Neither the Defendant nor Lieutenant Beavin had ever been to Knoxville previously.

"(5) The only purpose of the Defendant in going to the Knox Motel and to the Holiday Inn in Knoxville was to obtain lodging and meals, and not to transact any government business, his only business being at Oak Ridge.

"(6) Transportation by private conveyance was requested by the Defendant and granted as being more advantageous to the United States, as shown on Defendant's travel orders (Exhibit (1) to Polishuk's deposition). The United States did not inspect the Defendant's automobile and did not exercise control over the manner in which he drove the automobile, other than under doctrine of respondeat superior.

"(7) The Defendant was employed by the United States Air Force as a Research Physicist at Wright-Patterson Air Force Base in Dayton, Ohio.

"In stipulating these facts, the parties do not waive any jurisdictional or legal questions."

The Court adopts the stipulation as its findings of fact with respect to the motion for summary judgment. The stipulation which incorporates the narrative statement of the facts leading up to and surrounding the accident is set forth in the brief for defendant and third-party plaintiff, Polishuk, shows in substance: that Polishuk and Lieutenant Beavin, employees of the Government, left their post of duty in Dayton, Ohio on May 26, 1965 and proceeded southward on the main highways leading from Dayton to Tennessee in the privately owned car of Polishuk which he was using with the consent of the Government, their destination being Oak Ridge, Tennessee; that these men were to go to Oak Ridge the following day to perform duties for the Government; that when they came to Clinton, Tennessee, instead of turning right and going directly to Oak Ridge, they turned left and came nine or ten

miles toward Knoxville, Tennessee, and secured lodgings at the Knox Motel at that point between Knoxville and Oak Ridge; having stayed all night at the Knox Motel they proceeded the next morning in the direction of Oak Ridge and after they had traveled three or four miles the accident which is the subject of this lawsuit occurred. In the meantime, the parties came to Knoxville and ate before returning to the Knox Motel to spend the night.

The sole issue on the motion is whether or not Polishuk and his companion deviated from their employment when they turned left at Clinton, Tennessee and proceeded to stay at the Knox Motel instead of continuing on to Oak Ridge.

The stipulation shows the reason why they proceeded to the Knox Motel rather than going straight to Oak Ridge. No one claims that these men were on a private lark at the time they proceeded to the Knox Motel, then to Knoxville to eat and thereafter to the motel where they stayed overnight. It is obvious that they did what they did for what they conceived to be better accommodations to the end that their night's stay would be more comfortable and enjoyable.

It is the opinion of the Court, and the Court finds, that Polishuk was on duty for the Government as a Government employee and acting within the scope of his duties at the time of the accident and the resulting claimed injuries.

In the opinion of the Court, his turning left at Clinton was not such a deviation from his course to Oak Ridge as would take him out of the scope of his employment as a Government employee. Probably the most important factor in the problem is that at the time of the accident Polishuk was on per diem and drawing $16.00 per day from the Government. If he had been outside the scope of the employment, he could not have drawn any per diem from the Government.

In support of these findings and conclusions, see Dickson v. Blacker, 194 Tenn. 504, 510, 253 S.W.2d 728; McCon-

nell v. Jones, 33 Tenn.App. 14, 24, 228 S.W.2d 117; Oil Daily, Inc. v. Faulkner, 282 F.2d 14 (C.A. 10); Myers v. United States, 219 F.Supp. 71 (Mo.), aff'd 8 Cir., 331 F.2d 591; Murphey v. United States, 179 F.2d 743 (C.A. 9). Compare, United States v. Taylor, 236 F.2d 649 (C.A. 6).

The case against the individual defendant must be dismissed since this is a Federal Tort Claims action and the suit will proceed against the Government and be tried by the Court without a jury in accordance with the applicable law.