**Janet A. MROCHINSKI, Plaintiff,**

v.

**Luther TENDALL, Government Employees Insurance Company, a foreign corporation, Richard Mrochinski, and Allstate Insurance Company, a foreign corporation, Defendants,**

and

**The United States of America, Proposed Substituted Defendant.**

No. 66–C–259.

United States District Court
E. D. Wisconsin.

Sept. 6, 1967.

Morton J. Schmidt, Cudahy, Wis., for plaintiff.

John J. Romann, Milwaukee, Wis., for defendants, Luther Tendall and Government Employees Insurance Co.

E. J. Philipp, Milwaukee, Wis., for defendants, Richard Mrochinski and Allstate Ins. Co.

James B. Brennan, U. S. Atty., by Robert J. Lerner, Asst. U. S. Atty., Milwaukee, Wis., for proposed substituted defendant.

## OPINION

REYNOLDS, District Judge.

This case arises out of an automobile collision which took place on September 9, 1965, between Luther E. Tendall, a Government employee, and Richard Mrochinski. Tendall was in Milwaukee County attending a course and was driving from his motel to "school" at the time of the accident. The plaintiff, Janet A. Mrochinski, was a passenger in Richard Mrochinski's automobile.

This action was commenced in the Circuit Court of Milwaukee County, Wisconsin, and designated Case No. 342–165. A petition for removal was filed in this court by the defendants Tendall and Government Employees Insurance Company predicated solely " * * * upon the grounds and for the reason that at the time of the said automobile collision * * *, Luther Tendall, was * * * a civilian employee of the United States Air Force and * * * was acting solely as an agent and employee of the United States Air Force in that he was then and there engaged in duties attendant to and required by said employment," and therefore this action would come within the purview of the Federal Tort Claims Act, Title 28 U.S.C.A. § 2679(b).

The petitioning defendants moved the court by an order to show cause to substitute the United States of America as a party defendant for them.

The issue is whether or not Tendall was acting as an agent and employee of the United States Government at the time of the accident, or to put it another way, was he within the scope of his employment. If so, then the United States should be made a party so that the plaintiff may proceed under the Federal Tort Claims Act.

The matter was submitted on a set of stipulated facts which indicated that Ten-

dall was a civilian employee of the United States Air Force, whose official duty station was located at the Norton Air Force Base, California, and that he permanently resided at Redlands, California. On July 16, 1965, by proper travel voucher (AF Form 233), he was authorized to attend a production management course from August 9, 1965 to September 24, 1965, at Wright-Patterson Field, Ohio. A part of this course included an on location phase at the AC Electronics Division of General Motors Corporation in Oak Creek, Milwaukee County, Wisconsin. He was authorized to use and did use his private automobile for the trip.

While in Milwaukee County, Tendall stayed at the Villa Vista Motel. On September 9, 1965, while driving from his motel directly to the AC Electronics Division, he was involved in the accident which is the subject of this lawsuit. Other facts are set forth below.

█ Since Williams v. United States, 215 F.2d 800 (9th Cir. 1954), 350 U.S. 857, 76 S.Ct. 100, 100 L.Ed. 761 (1955), state law has been generally applied in determining whether a federal employee was acting as an employee so as to make the United States liable for his negligent conduct. McCall v. United States, 338 F.2d 589 (9th Cir. 1965), cert. denied 380 U.S. 974, 85 S.Ct. 1334, 14 L.Ed.2d 269 (1965).

The exact point involved herein has not been passed upon by the Wisconsin courts.

█ We believe that the key question to be answered is whether or not it was in the employer's interest for the employee to have his private automobile in Milwaukee. We think not.

Tendall was authorized to travel by private automobile in lieu of public transportation for his convenience. This is indicated clearly by Air Force Form 233 wherein it is stated that "REIMBURSEMENT FOR PER DIEM WHILE TRAVELING BY POV [privately owned vehicle] LIMITED TO TRAVEL TIME BY USUAL MODE OF TRANSPORTATION," and "REIMBURSEMENT [for privately owned vehicle] LIMITED TO COST TO GOVERNMENT OF TRAVEL BY USUAL MODE OF TRANSPORTATION."

The authorization form also has a space to be checked, if applicable, under "PRIVATELY OWNED VEHICLE" as follows: "ADMINISTRATIVELY DETERMINED THIS MODE OF TRANSPORTATION IS MORE ADVANTAGEOUS TO THE GOVERNMENT." This was not checked.

Tendall was also given a ten-day leave in conjunction with this temporary duty, and the Government did not reimburse him for mileage while in Milwaukee.

It is quite clear that Tendall did not need his car to attend this course of instruction, and he had it in Milwaukee for his personal convenience.

Comment "c" following § 229 of Restatement (Second), Agency (1958), states:

"c.  *Acts of a personal nature.*  Although the servant is authorized to act, the master is not liable for his conduct unless the servant is in fact acting in the employment and for his master's purposes.  *  *  *  If, however, such acts are for the personal convenience of the employees and are merely permitted by the master in order to make the employment more desirable, the acts are not within the scope of employment.  *  *  *"

For the foregoing reasons this Court believes that Tendall was not acting within the scope of his employment at the time of the collision. Therefore, the United States of America should not be substituted as a party and this case should be remanded to the Circuit Court of Milwaukee County for further proceedings.

Counsel for the Government is requested to draft an order in accordance with this opinion and is to submit it to this Court for signature after first submitting it to opposing counsel for approval as to form only.