Mrs. Maxie Baxter, *et al. v.* H. B. Jordan, *et al.*

(*Nashville.* December Term, 1928.)

Opinion filed, March 16, 1929.

472

GARLAND S. MOORE and WM. F. CARPENTER, for plaintiff in error.

AVERY HANDLEY, for defendant in error.

MR. JUSTICE GREEN delivered the opinion of the Court.

*(1)* This is a proceeding under the Workmen's Compensation Act (chapter 123 of the Acts of 1919) on behalf of the widow and dependent children of William Herman Baxter, formerly an employee of H. B. Jordan, said Baxter having died July 23, 1927. It is alleged in the petition that Baxter's death resulted from injuries arising out of and in the course of his employment by defendant Jordan. The Maryland Casualty Company, Jordan's insurer, is also sued under the statute. The trial judge reached the conclusion that Baxter received injuries

which contributed to his death and that there was a sufficient excuse for the delay of the widow in giving to the employer the statutory notice but the court was of opinion that there was no competent evidence that the injuries which contributed to the death of Baxter arose out of and in the course of his employment. The suit was accordingly dismissed.

Baxter was a plumber, employed by defendant Jordan, and on May 28, 1927, was working, as such employee of Jordan, on a house in South Nashville.

Upon returning to his home on the night of May 28, 1927, Baxter told his wife that he had fallen down a stairway leading into the basement of the house where he had been engaged and that he had hurt his side and had torn something loose. He went back to work the next morning and continued to work until a few days before his death. His wife testified that although he continued working, he was sluggish and complained of suffering considerable pain. She said that they owed some doctors' bills and other debts and her husband did not want to give up work.

A day or two after the accident, a fellow employee of Baxter testified that he saw Baxter partly stripped in the washroom, cleaning up after working hours. This employee said that he noticed Baxter's arm and side were painted with iodine or something like that, inquired what was the matter with him, and Baxter told him about falling down the stairway while working at this house in South Nashville.

A few days before his death, Baxter was seized with violent pains, summoned a physician and was taken to the hospital. He was found to be suffering from acute appendicitis and an operation upon him was undertaken.

The operation disclosed a desperate situation and he died a few days thereafter, three months after he was hurt.

The doctors testified that there was unusual discoloration and inflamation of the omentum. They all said that he died from acute appendicitis, and while they all said that appendicitis was not brought about by trauma, some of them thought that the extraordinary condition of the omentum was probably due to a bruise and that such unusual condition contributed to Baxter's death. While there was a conflict in the medical testimony, nevertheless there was sufficient evidence to justify the finding of the circuit judge that Baxter had received injuries which contributed to his death. Baxter gave his doctors the history of his case and told them about his fall down the steps while he was on the South Nashville job.

The foregoing is all the testimony that was introduced on the trial relating to the cause of the injuries which it is said contributed to Baxter's death. It will be observed that this proof offered consists wholly of statements of witnesses as to what Baxter told them about the cause of the injuries. Accordingly it was all ruled out by the trial judge.

It is earnestly insisted by counsel for petitioners that an exception should be made to the hearsay rule in cases arising under the Workmen's Compensation Act. We are referred to Section 47 of the Act, which provides:

"That the rule of common law requiring strict construction of statutes in derogation of common law shall not be applicable to the provisions of this Act, but the same is hereby declared to be a remedial Act which shall be given an equitable construction by the courts to the

end that the objects and purposes of this Act may be realized and attained.''

This court has never been unmindful of the remedial nature of this legislation as its repeated decisions will disclose, and the Act has been uniformly construed so as to secure for the beneficiaries of the Act every protection a liberal construction authorized.

*(2)* As to procedure, however, section 32 of the statute provides that disputes thereunder between employer and employee shall be submitted to the determination of the courts of the State, and that such causes shall be heard ''as other nonjury civil cases are heard in the circuit court.'' There is no intimation in the statute that different rules of evidence are to be applied in the cases it covers.

*(3)* In the absence of a statutory provision so requiring, we are not aware that any court has considered that evidence, in another case, inadmissible as hearsay, would be sufficient to sustain an award in a Workman's Compensation case.

The English courts have expressly ruled that statements made by an injured employee to another as to the cause of the injury from which his death followed, were inadmissible. *Smith* v. *Hardman & Holden, Ltd.,* 6 B. W. C. C., 719, 14 N. C. C. A., 413; *Shea* v. *Wilson & Co. Barnsley, Ltd., W. C. & Ins., Rep.,* 197, 14 N. C. C. A., 431.

In Illinois, New York, Michigan and Utah proceedings to recover under compensation statutes are instituted before a Board or Commission. It seems that the hearings before said Boards or Commissions are more or less informal, and such tribunals may admit hearsay evidence. However, upon appeal from the awards of such Boards or Commissions, such awards will not be sustained unless

there was some direct and admissible evidence introduced to uphold them. *Reck* v. *Whittlesberger*, 181 Mich., 463, Anno. Cas. 1916C, 771; *Carroll* v. *Knickerbocker Ice Co.*, 218 N. Y., 435, Anno. Cas. 1918B, 540; *Peoria Cordage Co.* v. *Indus. Bd. of Ill.*, 284 Ill., 90; *Garfield Smelting Co.* v. *Indus. Comm. of Utah*, 178 Pac., 57.

"There must be in the record some evidence of a sound, competent and recognized probative character to sustain the findings and award made, else the findings and award must in fairness be set aside by the court." *Carroll* v. *Knickerbocker Ice Co., supra.*

"The rule against hearsay evidence is more than a mere artificial technicality of law. It is founded on the experience, common knowledge and common conduct of mankind. Its principles are generally understood and acted upon in any important business transaction or serious affair in life. In such matters men refuse to rely on rumor or what someone has heard others say, and demand the information at first hand." *Reck* v. *Whittlesberger, supra.*

In California there is a statute which provides that the industrial commission shall not be bound by common law or statutory rules of evidence or procedure "nor shall any order, award, rule or regulation be invalidated because of the admission into the record, and use as proof of any fact in dispute, of any evidence not admissible under the said common law or statutory rules of evidence and procedure." *Perry* v. *Indus. Acc. Comm.*, 180 Cal., 497.

So in Massachusetts there appears to be a statute authorizing the admission of evidence which otherwise would be regarded as hearsay. *Pigeon* v. *Employers Liab. Assn. Corp.*, 216 Mass., 51, Anno. Cas. 1915A, 737.

Upon the authorities, therefore, and upon reason, and without the sanction of a statute, this court does not feel warranted in writing into the hearsay evidence rule another exception applicable alone to Workmen's Compensation cases.

*Tennessee Chemical Co.* v. *Smith,* 145 Tenn., 533, referred to by petitioners herein, was a case in which this court thought the circumstances were sufficient to show that the death of the deceased employee was occasioned by an accident arising out of and in the course of his employment. Among other circumstances, it appeared that the body of the deceased was found on the premises of the employer, near his post of labor, and this was sufficient to authorize an inference the accident occurred while the deceased was engaged in his employment. *Schockley* v. *Morristown Produce & Ice Co.,* 11 S. W. (2nd), 900.

We are also referred to the case of *Travelers Insurance Co.* v. *Mosley,* 8 Wall., 397, 19 L. Ed., 437, as authority for the proposition that the testimony of the wife, the fellow employee, and the doctors as to the statements made to them about the cause of the injuries was competent. The case is no authority for that contention. The statements made by the deceased in that case as to the cause of his injuries were said by the court to have been made by the deceased "almost contemporaneously" with the accident, and therefore admissible as part of the *res gestae.* The statements made by the deceased on the day after the accident as to his bodily injuries and pains were admissible as relating to a present existing fact— his physical condition. The suit in that case was upon an accident policy and the question was whether there had been an accident, not the cause of the accident.

*(4)* None of the statements of the deceased in the case before us can be regarded as part of the *res gestae. Frank* v. *Wright,* 140 Tenn., 535; *Kennedy* v. *Railway Co.,* 2 Hig., 103, and cases cited.

The judgment of the trial court must be affirmed and this suit dismissed.