GULCH LUMBER Co. *et al. v.* FIELDS.

*(Nashville,* December Term, 1951.)`

Opinion filed February 9, 1952.

CAMPBELL & CAMPBELL, of Chattanooga, for appellants.

A. A. KELLY, of South Pittsburg, for appellee.

MR. JUSTICE BURNETT delivered the opinion of the Court.

This is a Workmen's Compensation case. The trial judge found that the injured employee was permanently, partially disabled and fixed his compensation, under Subsection (c) of Code Section 6878, at $21 per week for 300 weeks less 12 weeks the employee had worked subsequent to his injury. The employer has seasonably appealed to this Court.

It is admitted that the injury suffered by the employee was compensable, the employer having paid the employee for ten weeks in full for temporary total disability. The question raised here is that after this temporary total disability of ten weeks had expired that the employee was fully recovered from any injuries he received by reason of the accident. The contention of the employer is that any suffering that the employee now has is due to an arthritic condition which was present long before the injury. The trial judge found in part: ''Dr. Woods testified for the petitioner that he was permanently and totally disabled. Objection to his testimony as a whole, seasonably made, was overruled and, on the authority of *Gulf Refining Co.* v. *Frazier,* 15 Tenn. App. 662, it is insisted

that the Court should now sustain this exception and exclude this testimony. To this the Court can't agree. It may be, and should be, observed that this question is an immaterial issue because all the medical testimony agrees that he suffered disability as a consequence of his accident and differs only as to degree. The same objection is urged by the petitioner to the testimony of the defendants two medical witnesses with the same action by the Court.

"Much is heard about subjective symptoms, pain, etc., in every court room and I was especially impressed by a statement of Dr. Carpenter that the average doctor would know whether it was feigned or not.

"The petitioner testified that he was wholly disabled and could now follow no gainful employment and that his earnings are now none. Since his injury he tried to work and did work for two or three days per week for about two and one-half months at $5.00 per day driving a team of mules in a logging operation. He didn't improve and this he had to give up on account of his disability. In this he is corroborated.

"All the proof is that he sustained and now suffers disability as a consequence of this accident. The defendant insists that this does not exceed twenty per cent. The injuries sustained are to the back and neck. A pre-existing arthritic condition would be immaterial since it was aggravated and its disabling effect produced by this accident. The Court is of the opinion that the record amply supports a finding of permanent partial disability and the Court so finds."

We have very carefully read this record and find that it amply supports the findings and conclusions of the trial judge. The injured employee and three lay witnesses support him in the fact that prior to the time

of the injury he was an able bodied man able to do heavy logging work and that after the injury when he did try to do the work, that he did for some two and one-half months, that he could hardly complete this work and had to go on a cane, etc. The employee testifies that when he would try to do anything the pain was almost unbearable. Aside from the medical testimony, under this testimony of the employee which is supported by lay witnesses, this within itself would be sufficient to warrant the trial judge in making the award that he made.

Three doctors are offered as witnesses. One on behalf of the petitioner and two on behalf of the employer. None of these doctors treated the petitioner during his original injury or at any time insofar as this record shows but were all called in to examine the petitioner for the purpose of testifying in this lawsuit. The two doctors for the employer examined the petitioner both subjectively and objectively. They made X-rays, etc., and it was their concerted opinion that the employee had recovered and that any disability that he now claimed was due to an old and long existing arthritic condition. Both doctors though on cross examination do admit that the injury in effect aggravated this arthritic condition to such an extent that it was indefinite as to when the pain due from this old arthritic condition caused by reason of the injury would cease. One of the doctors said that it would probably take about six months; the other doctor was rather indefinite.

The doctor offered on behalf of the employee based his opinion to a large extent on subjective testimony. It is to this testimony that the employer makes serious objection and it is on this objection that the argument before us was primarily based. An extended argument though is made in the brief as to the relative merits and

demerits of the doctors offered pro and con. This question though is resolved by the finding of the trial judge.

Generally speaking, the opinion of a medical expert based on information obtained from a subjective examination or from third persons out of court is inadmissible. *Gulf Refining Co.* v. *Frazier,* 15 Tenn. App. 662; Annotation 175 A. L. R. 276, et seq. There is no reason why this applicable rule of law does not apply to compensation cases as well as to other law cases. This Court in *Baxter* v. *Jordan,* 158 Tenn. 471, 14 S. W. (2d) 717, 718, has so determined. The Court there speaking through the late Mr. Chief Justice Green said: "In the absence of a statutory provision so requiring, we are not aware that any court has considered that evidence, in another case, inadmissible as hearsay, would be sufficient to sustain an award in a workmen's compensation case."

The Court then in *Baxter* v. *Jordan,* supra, goes on and takes up cases from other jurisdictions and comments and discusses this question of hearsay evidence there allowed or not allowed. When hearsay evidence of the type here objected to does creep into these compensation trials as they are tried in this State common sense only dictates that we should give the trial judge large latitude and discretion as to whether or not such is admissible. Clearly if the finding of the trial judge was based on this hearsay evidence the case should be reversed. An injured employee must prove his case like any other lawsuit is proven. When though hearsay evidence of the kind here creeps in but the finding of the trial judge is based on competent legal evidence then the mere fact that such hearsay evidence has crept into the trial should not be reversible error. To say the most such error is harmless error and under our Harmless Error Statute, Code, Section 10654, a reversal should

not be granted merely because such creeps into a compensation trial. The trial judge has a large latitude in making up his mind whether or not the injured employee has an injury which is compensable and in doing so he judges from the acts of the petitioner and what he sees in court and all of these things which have been enumerated at different times in the course of the many compensation opinions of this Court. This being true we certainly should not reverse because a doctor who testifies on behalf of an injured employee bases a portion or a lot of his testimony on subjective symptoms, that is, what the injured person relates to the doctor about his injury, especially when there is ample credible evidence to sustain the claims of the injured employee. When wheat and chaff are mixed in these Workmen's Compensation trials and the trial judge bases his finding on the wheat the mere fact that chaff is mixed therein will not be reversible error. Presumptively the trial court properly separates the wheat from the chaff.

In this case the doctor on behalf of the injured employee did not base his testimony entirely on subjective symptoms. He did make an objective examination of the injured employee by putting him through certain tests, one of which was the "leg raising test" and partially at least based on this test this doctor formed his opinion that the injured employee was permanently injured. This doctor testified that from this test that he had made that he found a limitation of movement in both the right and the left legs and that it was his opinion that a traumatic injury which was the most common cause of such things probably caused it. This doctor said: "And then we examined by straight leg raising when we suspect an injury and at that time his left leg, he could lift his leg up 80 degrees and his right 45 degrees. And

from that examination it is my opinion that he had a concussion, because he complained of headaches and dizzy spells for a long while. He had injury to his neck region and especially his lumbar region. I thought he had a ruptured disc, because he had all the symptoms of it.''

''—Q. The left leg compared this morning as 20 degrees as against 80 degrees? A. Yes 80 degrees previously, 6 months ago.

''Q. What would that comparison indicate? A. It would indicate that there is more extrusion or pressure on that nerve than there was 6 months ago.

''Q. Did you find objectively signs of tenderness and pain on palpation of the spine? A. Yes, Sir. Bilaterally, both sides, in other words.

''Q. Both legs on straight leg-raising still were affected? A. Yes. It shows indication of irritation.''

The result is that we must affirm the judgment below. Compensation was properly fixed under Sub-Section c of Code Section 6878. Under the facts here and as found by the trial judge this was an unscheduled permanent partial disability. The employee testified and is supported by lay witnesses that he could not work without an unusual amount of pain and we feel that the evidence justified the conclusion of the trial court, and that there was nothing for him to do except to fix the compensation under this Code Section. Of course if the employee recovers prior to the expiration of the statutory period as fixed by the section then there is another course that can be followed by the employer. The cause is affirmed with costs.