IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
February 11, 2025 Session

## STEVY ELLIS ET AL. v. SNOOKUMS STEAKHOUSE, LLC ET AL.

**Appeal from the Circuit Court for Chester County
No. 22-CV-1 Joseph T. Howell, Judge**

_____

**No. W2024-01165-COA-R3-CV**

_____

The patron of a restaurant sued the business and its owner when she was injured attempting to sit on a bench outside the business. The trial court granted the defendants' motion for summary judgment on the ground that the patron failed to demonstrate the existence of a dangerous or defective condition. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and CARMA DENNIS MCGEE, J., joined.

Adam H. Johnson, Memphis, Tennessee, for the appellants, Stevy Ellis, and George Ellis.

Bradford D. Box, Brandon W. Reedy, Blake M. Tims, Jackson, Tennessee, for the appellees, Snookums Steakhouse, LLC, and Brandon Maness.

## OPINION

### I. FACTUAL AND PROCEDURAL BACKGROUND

The following facts are undisputed for purposes of this appeal. On or about March 24, 2021, Plaintiffs/Appellants Stevy Ellis and her husband Plaintiff/Appellant George Ellis (together, "Appellants") visited Defendant/Appellee Snookums Steakhouse, LLC (together with its owner, Brandon Maness, "Appellees"). Following her meal, Ms. Ellis moved to sit on a bench outside the restaurant. Ms. Ellis sat on the bench without looking back, but when she sat down, the bench flipped or tilted "from end to end."[1] The bench

---

[1] The parties disagree as to how the accident should be characterized. Appellants contend that the

was missing a backrest and there were "new bolts in the holes [i]n the metal to which the back would be fastened." Ms. Ellis fell to the ground and allegedly sustained injuries.

As a result, Appellants filed a complaint against Appellees on January 18, 2022, in the Chester County Circuit Court ("the trial court"). Therein, Appellants alleged that Appellees negligently caused or allowed an unreasonably dangerous condition on their property and that the dangerous condition caused her injuries. Appellants sought $250,000.00 in damages for medical expenses, pain and suffering, loss of enjoyment of life, and mental anguish.

Appellees answered the complaint on April 22, 2022, denying that they acted negligently or allowed or created a dangerous condition on their property. As an affirmative defense, Appellees alleged that Appellants' claim should be barred or at least reduced by her own comparative fault.

Eventually, on January 2, 2024, Appellees filed a motion for summary judgment, a memorandum of law, and a statement of undisputed material facts. Therein, Appellees generally argued that Appellants could not produce evidence to establish that she was injured as a result of a dangerous or defective condition on Appellees' property, or alternatively, that Ms. Ellis's own negligence was equal to or greater than any negligence of Appellees.

Appellants responded in opposition on March 27, 2024. Appellants both replied to Appellees' statement of undisputed material facts and asserted additional facts that she alleged were material and undisputed. These facts included that the bench had been on Appellees' property since 2014; the bench was cleaned by restaurant staff every day; there was no written policy or manual for inspection of the bench; there was no log of inspection or cleaning of the bench; and there were no warning signs placed near the bench. Appellees generally responded that these facts were undisputed for purposes of appeal but immaterial to their motion for summary judgment. Additionally, Appellees argued that to the extent that Appellants could show a dangerous condition, she could not establish that Appellees had notice of the dangerous condition alleged.

Appellees' motion for summary judgment was heard on May 28, 2024. The trial court entered a written order granting the motion on July 23, 2024. Therein, the trial court ruled that the bench did not constitute a dangerous condition as required to prove a premises liability claim. In particular, the trial court noted that Appellants failed to show that there were any prior incidents related to the bench and concluded that the fact that the bench was missing a backrest "does not render the bench a dangerous condition." The trial court therefore ruled that Ms. Ellis's injuries were not foreseeable and that Appellant's claims

---

bench "flipped from end to end"; Appellees contend that the bench merely "tilted from end to end." This dispute is not material to our resolution of this appeal.

should be dismissed as a matter of law. Appellants thereafter filed a timely appeal to this Court.

## II. ISSUES PRESENTED

Appellants raise a single issue in their brief: whether the trial court erred in granting summary judgment to Appellees on the basis that the bench was not a dangerous or defective condition.

## III. STANDARD OF REVIEW

We review the trial court's grant of summary judgment de novo, with no presumption of correctness. *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015) (citing *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997); *Abshure v. Methodist Healthcare-Memphis Hosp.*, 325 S.W.3d 98, 103 (Tenn. 2010)). As part of our review, we must "take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence." *Byrd v. Hall*, 847 S.W.2d 208, 211 (Tenn. 1993) (citations omitted), *holding modified by Hannan v. Alltel Publ'g Co.*, 270 S.W.3d 1 (Tenn. 2008), *holding modified by Rye*, 477 S.W.3d 235. We similarly accept the evidence presented by the nonmoving party as true and resolve any doubts about the existence of a genuine issue of material fact in its favor. *TWB Architects, Inc. v. Braxton, LLC*, 578 S.W.3d 879, 887 (Tenn. 2019) (citing *Martin v. Norfolk S. Ry.*, 271 S.W.3d 76, 84 (Tenn. 2008)).

A party is entitled to summary judgment only if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Tenn. R. Civ. P. 56.04. When the party moving for summary judgment does not bear the burden of proof at trial, it "may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense." *Rye*, 477 S.W.3d at 264. When a motion for summary judgment is made and supported as provided in Rule 56, the nonmoving party may not rest on the allegations or denials in its pleadings. *Id.* at 265. Instead, the nonmoving party must respond with specific facts showing that there is a genuine issue of material fact to be resolved at trial. *Id.*

## IV. ANALYSIS

Appellants' claim is based on the theory of premises liability. "Business proprietors are not insurers of their patrons' safety." *Blair v. W. Town Mall*, 130 S.W.3d 761, 764 (Tenn. 2004). Still, business owners must "exercise due care under all the circumstances." *Parker v. Holiday Hosp. Franchising, Inc.*, 446 S.W.3d 341, 350 (Tenn. 2014) (citing

***Blair***, 130 S.W.3d at 764). "This general duty of due care imposes upon a property owner the responsibility of either removing, or warning against, any dangerous condition on the premises of which the property owner is actually aware or should be aware through the exercise of reasonable diligence." ***Id.*** (citing ***Eaton v. McLain***, 891 S.W.2d 587, 594 (Tenn. 1994)). A property owner does not have a duty, however, "to remove or warn against conditions from which no unreasonable risk was to be anticipated, or from those which the occupier neither knew about nor could have discovered with reasonable care." ***Rice v. Sabir***, 979 S.W.2d 305, 308–09 (Tenn. 1998) (citations and internal quotation marks omitted). Rather, plaintiffs seeking to prove a premises liability claim must prove the elements of negligence—duty, breach of duty, injury, causation in fact, and proximate cause—as well as that the premises owner or operator either caused or created the dangerous condition or had notice of the condition prior to the accident. ***Parker***, 446 S.W.3d at 350 (citing ***Blair***, 130 S.W.3d at 764).

Additionally, "[t]he duty applicable to premises owners only requires them to remove or warn against conditions that are, in fact, dangerous." ***Newcomb v. State***, No. M2014-00804-COA-R3-CV, 2015 WL 3956038, at *3 (Tenn. Ct. App. June 26, 2015) (citing ***Parker***, 446 S.W.3d at 350). In other words, "in order to hold a premises owner liable for an injury, there must be some evidence that a dangerous condition actually existed on the premises. If no such condition existed, then a property owner cannot be held liable for failing to take action to remedy it." ***Id.*** (internal citation omitted) (citing ***Nee v. Big Creek Partners***, 106 S.W.3d 650, 653 (Tenn. Ct. App. 2002)). In this case, the trial court ruled that Appellants failed to establish that the bench constituted a dangerous condition for which a duty to warn or remove arose.

Courts will only conclude that a condition is dangerous "if it is reasonably foreseeable that the condition could probably cause harm or injury and that a reasonably prudent property owner would not maintain the premises in such a state." ***Id.*** (quoting ***Stewart v. Seton Corp.***, No. M2007-00715-COA-R3-CV, 2008 WL 426458, at *4 (Tenn. Ct. App. Feb. 12, 2008)). "The fact that an injury is simply possible, as opposed to probable, does not make a condition dangerous. Liability is only imposed when a condition constituted a danger from which injury might be reasonably anticipated." ***Id.*** (internal quotations marks and citations omitted). Moreover, "[t]he mere fact that a customer in a store falls from a chair, or that a seat or chair collapses, does not of itself establish negligence where there is no showing that it was defective[.]" ***Jobe v. Goodwill Indus. of Middle Tenn., Inc.***, No. M2017-02299-COA-R3-CV, 2018 WL 2671613, at *5 (Tenn. Ct. App. June 4, 2018) (quoting 62A Am. Jur. 2d *Premises Liability* § 528).

Appellants argue that the trial court erred in concluding that a bench that tips over when sat upon is not a dangerous condition and did not pose an unreasonable risk to Ms. Ellis. In support, Appellants cite two cases in which courts have held that the plaintiff presented evidence of a dangerous condition. First, in ***Basily v. Rain, Inc.***, the plaintiff alleged that she tripped over a sprinkler head that was placed in the intersection of two

sidewalks; although the sprinkler head was designed to retract when not in use, the sprinkler head was un-retracted on the day of the incident, causing the plaintiff to trip. 29 S.W.3d 879, 881 (Tenn. Ct. App. 2000). The trial court concluded, however, that the raised sprinkler head was not a dangerous condition and granted summary judgment to the defendant property owner. *Id.* at 882.

This Court agreed that a sprinkler head alone was not dangerous, as in its retracted position it was flush with the ground. *Id.* at 884. Although the sprinkler head protruded from the ground when in its operating position, it did so in a way "that it would go unnoticed by a passersby, especially when the irrigation system was not actually operating." *Id.* It was therefore foreseeable that a passerby could trip over an un-retracted sprinkler head and sustain injuries. Moreover, correcting an un-retracted sprinkler head was "a relatively simply matter." *Id.* So then, we concluded that the un-retracted sprinkler head posed an unreasonable risk of harm and reversed the trial court's grant of summary judgment on that ground. *Id.*

Next, in *Marden v. Gaylord Entertainment Co.*, the plaintiff alleged that she was injured after tripping on a wrinkled floor mat on the defendant's premises. No. 3:07-CV-0209, 2008 WL 2570856, at *1 (M.D. Tenn. June 25, 2008). The defendant moved for summary judgment, arguing, inter alia, that it did not owe the plaintiff a duty of care. *Id.* at *2. The district court held that while a floor mat alone does not constitute a dangerous condition, a mat that is wrinkled, bunched up, or worn may be a dangerous condition for purposes of premises liability. *Id.* at *4.

Appellees do not specifically address these cases but rather cite other cases that have reached the opposite conclusion based on the particular facts before them. One such recent case is *Calabria v. CoreCivic of Tennessee, LLC*, No. M2023-00424-COA-R3-CV, 2024 WL 959523 (Tenn. Ct. App. Mar. 6, 2024). In *Calabria*, a prison visitor sued the prison operator after a chair that she was sitting in collapsed as she attempted to rise from it, causing her injuries. *Id.* at *1. Eventually, the trial court granted the prison operator's motion for summary judgment, concluding that the visitor failed to present evidence "of the nature or creation of the Chair's alleged defect or dangerous condition." *Id.* at *2.

On appeal, the visitor argued that she presented sufficient proof of a dangerous condition, pointing to testimony that there were previous incidents involving chairs of that type. *Id.* at *7. Even taking this evidence as true, however, we concluded that the visitor failed to show a dangerous or defective condition of the chair at issue. Specifically, we ruled that the visitor, and indeed any plaintiff in a premises liability claim, "must submit proof as to the nature of the alleged defect or weakness or why the malfunction occurred." *Id.* The testimony as to prior incidents did not "establish the circumstances in which the chairs collapsed in the incidents [] previously witnessed, why the chairs collapsed, or that the chair at issue had a similar defect." *Id.* So we concluded that there was no evidence from which the factfinder could reasonably infer that a dangerous or defective condition

existed in the chair at issue.

Our review convinces us that the facts in this case more closely align with ***Calabria*** than ***Basily*** or ***Marden***. In each of the cases, the items that allegedly caused the plaintiffs' injuries were not dangerous in and of themselves. Rather, the plaintiff was required to point to some specific condition or defect that rendered the otherwise safe item dangerous such that the plaintiff's injuries resulted. In ***Basily***, the plaintiff presented evidence that the sprinkler head was elevated above the sidewalk in such a way that it could trip a passerby who would not notice it; the plaintiff indeed alleged that she tripped over the protruding sprinkler head. ***Basily***, 29 S.W.3d at 884. In ***Marden***, the plaintiff presented evidence that the floor mat was wrinkled or bunched up, such that it posed an unreasonable risk of tripping someone; again, the plaintiff alleged that she tripped over the wrinkled mat. ***Marden***, 2008 WL 2570856, at *4. In ***Calabria***, the plaintiff did not point to any specific defect in the chair at issue, other than pointing to the result that the chair had collapsed. Without evidence of a defect or dangerous condition that caused the collapse, however, the factfinder was not permitted to infer negligence. *See **Calabria***, 2024 WL 959523, at * 7; *see also **Newcomb***, 2015 WL 3956038, at *4 (holding that the plaintiff failed to present evidence that the defendant's stairs were a dangerous or defective condition when there was no evidence that: "the steps and handrail were broken or structurally unsound"; the "Plaintiff tripped on a foreign object that had been left on the stairs"; or "that it was unreasonable or even unusual to maintain steps [with a low handrail and no non-skid surface]").

Certainly, like in the above cases, it cannot be argued that a bench alone constitutes a dangerous or defective condition. So then, Appellants were required to demonstrate "the nature of the alleged defect or weakness or why the malfunction occurred" such that Ms. Ellis suffered injuries. ***Calabria***, 2024 WL 959523, at * 7.[2] But Appellants have failed to show any weakness or malfunction in the bench that caused or contributed to Ms. Ellis's injuries. Instead, they merely point to the missing backrest of the bench and the fact that there were new bolts that, according to Mr. Ellis, "[s]hould have been holding the back" of the bench; Appellants failed, however, to present proof either that the missing backrest had any impact on, or was the catalyst for, the bench tipping over "end to end."[3] Thus, they failed to demonstrate that the missing backrest was "why the malfunction occurred" that resulted in Ms. Ellis's injuries. *Id.* Nor did they present any evidence "that it was unreasonable or even unusual to maintain [a bench] in this condition." ***Newcomb***, 2015 WL 3956038, at *4. Indeed, benches without backrests are not uncommon and Appellants have presented no proof or legal authority to suggest that benches of this type are, without

_____

[2] At oral argument, counsel for Appellants attempted to avoid the question of *why* the bench tipped over, arguing that it was more properly addressed with regard to whether the defendant had notice of the dangerous or defective condition. Respectfully, as we previously stated in ***Calabria***, the question of why the malfunction that caused the accident occurred is critical to the question of whether a dangerous or defective condition exits.

[3] Appellants' counsel confirmed at oral argument that Ms. Ellis did not fall backwards off the bench.

more, unreasonably dangerous. Thus, like the plaintiff in **Calabria**, Appellants' argument amounts to little more than a plea that we infer negligence from the fact that the bench did not operate as Ms. Ellis anticipated when she sat on it.[4] But as we know from **Calabria**, this type of argument is simply insufficient to survive summary judgment. Indeed, while we are required to make reasonable inferences in favor of the nonmoving party when ruling on a summary judgment motion, inferences must still be based on evidence, rather than "surmise, speculation, conjecture, or guess[.]" **Patton v. L.O. Brayton & Co.**, 184 Tenn. 592, 598, 201 S.W.2d 981, 984 (Tenn. 1947) (citing 32 C.J.S. *Evidence* § 1044, pp. 1131–1133); *see also* **Calabria**, 2024 WL 959523, at *7 (holding that the plaintiff presented "no evidence from which a fact finder could reasonably infer that a dangerous or defective condition existed in the chair in which [the plaintiff] sat on the day of the accident"). Because Appellants failed to present evidence to establish an essential element of their premises liability claim, the trial court did not err in granting Appellees' motion for summary judgment.

## V. Conclusion

The judgment of the Chester County Circuit Court is affirmed, and this matter is remanded to the trial court for all further proceedings as are necessary and consistent with this Opinion. Costs of this appeal are taxed to Appellants, Stevy Ellis and George Ellis, for which execution may issue if necessary.

s/ J. Steven Stafford
J. STEVEN STAFFORD, JUDGE

---

[4] Indeed, in her reply brief, Appellants asserts that the trial court's ruling "ignores the critical fact that the bench flipped over when sat on it." As previously discussed, however, "[t]he mere fact that . . . a seat or chair collapses, does not of itself establish negligence[.]" **Jobe**, 2018 WL 2671613, at *5 (citation and internal quotation marks omitted).